# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARD GORDON BOEJI,

    Plaintiff,

-vs-                                              Case No. 8:19-cv-589-T-02SPF

TRINITY SERVICE GROUP, INC., et. al.,

    Defendants.
_____/

## ORDER

Mr. Boeji, a prisoner confined at Hillsborough County Jail (HCJ) in Tampa, Florida, proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), a motion to proceed in this action *in forma pauperis* (Doc. 2), a motion for appointment of counsel (Doc. 3), and a "Motion to Compel Section 28.215 Provisions" (Doc. 4). The complaint names Trinity Service Group, Inc. (the food services contractor for HCJ), Robert Lowe (the Supervisor of Trinity), Mr. Brown (the supervisor of food services at HCJ), and D. Luscznski (chief of operations at HCJ) as Defendants.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Title 28 U.S.C. § 1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or
> (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by § 1915(e)(2) is a screening process, to be applied by the Court *sua sponte*

and as early as possible in the litigation. *See* 28 U.S.C. §1915(e)(2).

The Court has screened the complaint. After doing so, and being mindful that the Court must accept all of the allegations as true and construe them more liberally than if drafted by an attorney, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

### I. ALLEGATIONS AND CLAIMS

Mr. Boeji alleges that for a total of 12 days (February 13, 2019, through February 24, 2019), he received, as part of his meals, "spoiled applesauce." Because the applesauce had not been "stored properly," it was "a brownish black color." Moreover, the applesauce "had no taste at all." After Mr. Boeji filed an "inmate complaint request" about the matter, he was informed by a sergeant that the applesauce was brown because it contained cinnamon. Mr. Boeji was also informed by "Corp." that the applesauce had caramel food coloring. When "Food Service" learned that Mr. Boeji was filing a civil rights complaint about this issue, the applesauce "was back to normal" on February 25, 2019. Lastly, Mr. Boeji alleges that "every inmate complains about the food portions and the bad quality of the food and the bad taste from the way it's prepared."

Mr. Boeji contends that both the "small portions" of "bad food" served at HCJ and the "spoiled applesauce" served for 12 days amount to cruel and unusual punishment under the Eighth Amendment. As relief, he seeks monetary damages between $250,000.00 and $1,000,000.00, and an injunction directing Defendants to serve "better quality" and "bigger portions of" food, and "to have food prepaired [sic] properly so it dosent [sic] taste so bad. . . ."

2

## II. ANALYSIS

State officials must provide prisoners with reasonably adequate food. *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985), *cert. denied* 475 U.S. 1096 (1986). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977). The United States Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, to demonstrate an Eighth Amendment violation, extreme deprivations are required. *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004).

Mr. Boeji has not alleged an extreme deprivation. He does not allege facts indicating that he is not receiving well-balanced meals containing sufficient nutritional value, or that his health has been affected in any way as a result of the meals provided to him.[1] "Tasteless" food does not amount to a constitutional violation, as long as it is adequate to maintain health. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir.1996). Moreover, serving "spoiled" applesauce as part of a meal for merely 12 days does not amount to cruel and unusual punishment, especially where there is no allegation that Mr. Boeji consumed the applesauce and suffered adverse consequences as a result. *Cf. Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) (observing that serving inmates a tasteless food concoction called "grue," which provided only 1000 calories a day, might be unconstitutional if served for "long periods"). Mr. Boeji's allegations therefore fail to state a claim upon which relief

---

[1] In his complaint, Mr. Boeji alleges that he receives a 2,500-calorie diabetic diet (Doc. 1, p. 13). He does not allege facts indicating that 2500 calories each day is inadequate to maintain his health. *See Shepard v. Alvarez*, 2009 WL 1872016, at *6 (S.D. Fla. May 21, 2009) (indicating that "2,500 calories per day...is recommended for a sedentary adult male of average build, under the standards established by the National Academy of Sciences–National Research Council.").

may be granted.

Even if Mr. Boeji could state a claim for relief, his claim for monetary damages is barred by 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." Because there is no physical injury associated with Mr. Boeji's claims, § 1997e(e) precludes him from recovering compensatory and punitive damages in any federal civil action. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir.2015).[2]

## Conclusion

The Court finds that, pursuant to 28 U.S.C. § 1915(e)(2), this action must be dismissed.

Accordingly, it is **ORDERED** that:

1. The complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The **Clerk of Court** is directed to terminate all pending motions as moot and close this case.

**DONE AND ORDERED** in Tampa, Florida, on ___March 15th___, 2019.

                                                         WILLIAM F. JUNG
                                                      United States District Judge

SA:sfc
Copy to: Edward Boeji, *pro se*

---

[2]Although nominal damages are appropriate if a plaintiff establishes a violation of a constitutional right, *Logan v. Hall*, 604 F. App'x 838, 840 (11th Cir. 2015) (unpublished), Mr. Boeji's request for $1,000,000.00 cannot be interpreted to request nominal damages. *See Wilson v. Dawson*, 2015 U.S. Dist. LEXIS 42740 (N.D.Fla. 2015) (finding request for $1,000,000 in damages was inconsistent with a request for nominal damages) (unpublished) (*citing Carey v. Piphus*, 435 U.S. 247, 266-67 (1978)).